Dale J. Lambert, Utah Bar No. 1871
Barton H. Kunz II, Utah Bar No. 8827
Christensen & Jensen, P.C.
50 South Main Street, Suite 1500
Salt Lake City, Utah 84144
Telephone (801) 323-5000
*Attorneys for Defendant*



## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DIATECT INTERNATIONAL CORPORATION, a California corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>ORGANIC MATERIALS REVIEW INSTITUTE, a Delaware nonprofit corporation,<br><br>     Defendant. | Civil No.: _____<br><br><br>**NOTICE OF REMOVAL**<br><br>Judge J. Thomas Greene<br>DECK TYPE: Civil<br>DATE STAMP: 05/31/2005 @ 09:27:25<br>CASE NUMBER:  2:05CV00465  JTG |

**TO THE PLAINTIFF, DIATECT INTERNATIONAL CORPORATION, AND ITS ATTORNEYS, RANDY B. BIRCH AND BENJAMIN D. JOHNSON, BOSTWICK & PRICE, P.C.:**

Please take notice that defendant Organic Materials Review Institute (OMRI), through

counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, based

upon diversity of citizenship as established in 28 U.S.C. § 1332, and states:

1.      That this action was brought and is now pending in the Utah Fourth District

Court, Wasatch County, civil number 050500156.

2.      That this action was commenced in said court on or about April 20, 2005, by the filing of the Complaint, a true copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

3.      That a Summons was issued from said Court and served on OMRI on or about April 27, 2005.  A true copy of the Summons is also attached hereto as Exhibit 1 and incorporated herein by reference.

4.      That this Notice of Removal is filed thirty days or less after plaintiff's service of its Complaint on OMRI.

5.      That plaintiff is a California corporation with its principal place of business in Heber City, Utah.  (Compl. ¶ 1.)

6.      That OMRI is a nonprofit corporation organized and existing under the laws of the state of Delaware with its principal place of business and/or headquarters in the state of Oregon, and is, therefore, a citizen of the states of Delaware and Oregon.  (Compl. ¶ 2; Aff. of David DeCou ¶ 2, attached hereto as Exhibit 2[1].)

7.      That plaintiff's Complaint seeks unspecified "significant and substantial damages" (Compl. ¶¶ 38, 45, 50), as well as attorneys' fees and costs (Compl. ¶¶ 39, 46, 51), for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with prospective economic relations.

8.      That, therefore, the matter in controversy in this action likely exceeds the sum of $75,000, exclusive of interest and costs.

9.      And that, therefore, this action is between citizens of different states.

---

[1] OMRI will supplement this facsimile affidavit with the original when it arrives by U.S. mail.

10.     And that, therefore, this action is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and is an action that OMRI is entitled to remove to this Court pursuant to 28 U.S.C. § 1441.

11.     That, contemporaneously with this filing, OMRI is serving copies of this notice upon counsel for plaintiff and the clerk of the Utah Fourth District Court, Wasatch County.

12.     That OMRI reserves all defenses, including, but not limited to, those under Federal Rule of Civil Procedure 12(b), and does not waive said defenses by filing this notice.

DATED this 27th day of May, 2005.

CHRISTENSEN & JENSEN, P.C.

Dale J. Lambert
Barton H. Kunz II
*Attorneys ford Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of May, 2005, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was sent via first class, postage prepaid U.S. Mail, to the following:

Randy B. Birch
Benjamin D. Johnson
BOSTWICK & PRICE, P.C.
139 East South Temple, #320
Salt Lake City, Utah 84111

Clerk of the Utah Fourth District Court
Wasatch County
1361 South Highway 99
P.O. Box 730
Heber City, Utah 84032

By: _____

# EXHIBIT 1

Randy B. Birch (4197)
Benjamin D. Johnson (10275)
**BOSTWICK & PRICE, P.C.**
139 East South Temple, #320
Salt Lake City, Utah 84111
Telephone: 801-961-7400
Facsimile:  801-961-7406
*Attorneys for Plaintiff Diatect International Corporation*

### IN THE FOURTH JUDICIAL DISTRICT COURT
### IN AND FOR WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| DIATECT INTERNATIONAL CORPORATION, a California corporation, | |
| Plaintiff, | **SUMMONS** |
| vs. | Civil No. 050500156 |
| ORGANIC MATERIALS REVIEW INSTITUTE, a Delaware non-profit corporation, | Judge Derek P. Pullan |
| Defendant. | |

**TO:**   **Organic Materials Review Institute**
        **c/o David H. Decou, Registered Agent**
        **1178 High Street**
        **Eugene, OR 97401**

You are hereby summoned and required to file with the Clerk of the above-entitled Court at 1361

South Highway 40, Heber City, Utah 84032, a written answer to Plaintiff's Complaint, and to serve upon

or mail to Plaintiff's Attorney, BOSTWICK & PRICE, P.C., 139 East South Temple, Suite 320, Salt Lake

City, Utah 84111, a copy of your Answer within thirty (30) days.

-1-

If you fail to do so, judgment by default will be taken against you for the relief demanded in the said Complaint which has been filed with the Clerk of said Court, and a copy of which is hereto annexed and herewith served upon you.

DATED this __2-7__ day of April, 2005.

BOSTWICK & PRICE, P.C.

Randy B. Birch
Benjamin D. Johnson
*Attorney for Plaintiff Dialect International Corporation.*

**Serve Defendants:**

Organic Materials Review Institute
c/o David H. Deeou, Registered Agent
1178 High Street
Eugene, OR 97401

-2-



Randy B. Birch (4197)
Benjamin D. Johnson (10275)
**BOSTWICK & PRICE, P.C.**
139 East South Temple, #320
Salt Lake City, Utah 84111
Telephone: 801-961-7400
Facsimile: 801-961-7406
*Attorneys for Plaintiff Diatect International Corporation*

## IN THE FOURTH JUDICIAL DISTRICT COURT
## IN AND FOR WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| DIATECT INTERNATIONAL CORPORATION, a California corporation, | |
| Plaintiff, | **COMPLAINT** |
| vs. | Civil No. 050500154 |
| ORGANIC MATERIALS REVIEW INSTITUTE, a Delaware non-profit corporation, | Judge Derek P. Pullan |
| Defendant. | |

COMES NOW the Plaintiff, Diatect International Corporation ("Diatect"), by and through its counsel of record, Randy B. Birch and Benjamin D. Johnson of BOSTWICK & PRICE, P.C., and for the causes of action against Organic Materials Review Institute ("OMRI"), alleges and complains as follows:

### THE PARTIES

1.     Diatect is a California corporation with its principal place of business in Heber City, Utah.

2.     OMRI is a Delaware non-profit corporation actively conducting business in Wasatch County, State of Utah.

-1-

## JURISDICTION & VENUE

3.     Jurisdiction is proper in this Court pursuant to UTAH CODE ANN. § 78-3-4.

4.     Venue is proper in this Court pursuant to UTAH CODE ANN. § 78-13-6 and/or UTAH CODE ANN. § 78-13-7.

## GENERAL ALLEGATIONS

5.     Diatect is the manufacturer of Diatect V, an insecticide which is used by organic farming operations.

6.     OMRI is engaged in the business of, among other things, making recommendations regarding the acceptability of using certain materials in organic production, processing, and handling.

7.     Material recommended by OMRI as acceptable for use in organic production, processing, and handling are allegedly reviewed against standards created by OMRI to determine compliance with the USDA National Organic Program Rule

8.     The products which OMRI has determined to be acceptable for use in organic production, processing, and handling can be published in the OMRI Brand Name Products List by payment of various fees.

9.     Many organic producers, processors, and handlers rely upon the OMRI Brand Name Products List to ensure their own compliance with the USDA National Organic Program Rule and to ensure their products can be marketed as organic products.

10.    In or about March 2001 Diatect sought an OMRI review of Diatect V and sought to have Diatect V placed on the OMRI Brand Name Products List.

11.    OMRI, in conducting its review and analysis of Diatect V, requested information from

-2-

Diatect regarding the various compounds in Diatect V, specifically including the compound known as pyrethrum, which is an active ingredient in Diatect V.

12.     During OMRI's review process, Diatect fully responded to all information requests regarding Diatect V, specifically including information requests relating to the pyrethrum used in Diatect V.

13.     In or about May 2001, OMRI determined that Diatect V was acceptable for use in organic production, processing, and handling.

14.     Thereafter, OMRI began publishing Diatect V in the OMRI Brand Name Products List.

15.     Having been published in the OMRI Brand Name Products List, Diatect V successfully marketed the Diatect V insecticide to organic farmers who relied upon the OMRI Brand Name Products List.

16.     After having been published in the OMRI Brand Name Products List for more than three (3) years, in or about June 2004, OMRI allegedly received a complaint from a competitor of Diatect alleging that an active ingredient in Diatect V, pyrethrum, contained a compound that was not compliant with the USDA National Organic Program Rule and/or not acceptable for use in organic production, processing, and handling.

17.     OMRI has refused to disclose the identity of the party initiating the complaint against Diatect V and has refused to allow Diatect V to review the complaint filed against Diatect V.

18.     When OMRI originally determined that Diatect V was compliant with the USDA National Organic Program Rule, the pyrethrum used in Diatect V was supplied to Diatect by Valent BioSciences.

19.     To this date, Diatect continues to obtain the pyrethrum used in Diatect V from Valent

BioSciences.

20.    Additionally, upon information and belief, the pyrethrum used in Diatect V is also used by other suppliers on the OMRI Brand Name Products List.

21.    Despite having previously determined that the pyrethrum supplied by Valent BioSciences was acceptable for use in organic farming and despite the fact that this pyrethrum is used by other products in the OMRI Brand Name Products List, OMRI, at the behest of a competing product, initiated a second review of Diatect V.

22.    After initiating the second review of Diatect V, OMRI informed Diatect that it would need additional information regarding the pyrethrum used in Diatect V and that information and documentation that should have been obtained by OMRI during the initial review of Diatect V was either lost or never received by OMRI.

23.    Diatect sought to replace the information lost or allegedly not received by OMRI and sought to obtain the additional information requested by OMRI.

24.    Due to the nature of the additional information requested by OMRI and the source from which Diatect would be required to obtain the additional information, Diatect requested various extensions of time to obtain the additional information requested by OMRI.

25.    Ultimately, OMRI refused to grant Diatect any further extensions of time, resulting in the formal de-listing of Diatect V from the OMRI Brand Name Products List.

26.    Although Diatect V has been de-listed from the OMRI Brand Name Products List, OMRI has not taken similar action against any other products on the OMRI Brand Name Products List which also use the pyrethrum used in Diatect V.

## FIRST CAUSE OF ACTION
(Breach of Contract)

27.     The Plaintiff repeats and realleges Paragraphs 1 through 26 of the Complaint as if they are set forth in their entirety below.

28.     OMRI entered into an agreement (the "Contract") with Diatect, which was supported by good and valuable consideration.

29.     Pursuant to the Contract, OMRI agreed to review and analyze Diatect V and, upon a favorable review and analysis, agreed to place Diatect V on the OMRI Brand Name Products List in exchange for, among other things, the payment of application fees and annual subscription fees to OMRI.

30.     Diatect has fully performed under the Contract without material breach thereof.

31.     OMRI materially breached the Contract by instituting a second review of Diatect V without adequate cause after receiving a complaint initiated by a competitor of Diatect.

32.     OMRI materially breached the Contract by failing to disclose the name of the competitor who initiated the complaint against Diatect and Diatect V.

33.     OMRI materially breached the Contract by refusing to allow Diatect to review the complaint made against Diatect V.

34.     OMRI materially breached the Contract by failing to properly store confidential documentation and information provided to it by Diatect and its suppliers, resulting in the loss of confidential documentation and information.

35.     OMRI materially breached the Contract by failing to reasonably grant time extensions during the review and appeal process.

36.     OMRI materially breached the Contract by improperly terminating the appeals process.

37.     OMRI materially breached the Contract by de-listing Diatect V from the OMRI Brand Name Products list without adequate cause.

38.     Due to OMRI's breach of the Contract, Diatect has suffered significant and substantial damages, with said damages to be fully determined at the trial of this matter.

39.     The Plaintiff has been forced to retain an attorney in this matter and is therefore entitled to an award of attorneys' fees and costs in this matter.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

40.     The Plaintiff repeats and realleges Paragraphs 1 through 39 of the Complaint as if they are set forth in their entirety below.

41.     The Contract contains an implied covenant of good faith and fair dealing.

42.     The implied covenant of good faith and fair dealing required OMRI to perform the Contract in a manner which would not unduly interfere with, injure, or otherwise destroy the benefits Diatect expected to receive under the Contract.

43.     OMRI breached the implied covenant of good faith and fair dealing by failing to impartially review Diatect V after having received a third party complaint from a competitor of Diatect.

44.     OMRI breached the implied covenant of good faith and fair dealing by applying arbitrary and discriminatory standards during the review of Diatect V, allowing other suppliers to use the pyrethrum supplied by Valent BioSciences but de-listing Diatect V for using the Valent BioSciences pyrethrum.

45.     Due to OMRI's breach of the implied covenant of good faith and fair dealing, Diatect has suffered significant and substantial damages, with said amount to be determined at the trial of this matter.

46.     The Plaintiff has been forced to retain an attorney in this matter and is therefore entitled to an award of attorneys' fees and costs in this matter.

## THIRD CAUSE OF ACTION
### (Tortious Interference with Prospective Economic Relations)

47.     The Plaintiff repeats and realleges Paragraphs 1 through 46 of the Complaint as if they are set forth in their entirety below.

48.     OMRI removed Diatect V from the OMRI Brand Name Products List in an improper, arbitrary, and in a discriminatory manner.

49.     After improperly de-listing Diatect V from the OMRI Brand Name Products List, OMRI published and communicated the de-listing to third parties who regularly purchased Diatect V in reliance upon its listing in the OMRI Brand Name Products List.

50.     As a result of OMRI communicating and publishing the improper and arbitrary de-listing of Diatect V in the OMRI Brand Name Products List, Diatect has lost sales of Diatect V, causing significant and substantial damages, in an amount to be fully proven at trial.

51.     The Plaintiff has been forced to retain an attorney in this matter and is therefore entitled to an award of attorneys' fees and costs in this matter.

## FOURTH CAUSE OF ACTION
### (Preliminary and Permanent Injunction)

52.     The Plaintiff repeats and realleges Paragraphs 1 through 51 of the Complaint as if they are set forth in their entirety below.

53.     The Plaintiff is entitled to a preliminary injunction against Defendant on the basis that (a) Plaintiff will suffer irreparable harm unless a preliminary injunction issues; (b) the threatened and ongoing injury to Plaintiff from Defendant's conduct outweighs whatever damage the proposed injunction may cause to Defendant; (c) a preliminary injunction, if issued, would not be adverse to the public interest; and (d) there is a substantial likelihood that Plaintiffs will eventually prevail on the merits, or this case presents serious issues on the merits which should be the subject of further litigation.

54.     The preliminary injunction should enjoin the Defendant and its officers, employees, agents and those in active concert and participation with the Defendant, and all others acting on their behalf, from engaging in the wrongful acts described above during the pendency of this action, including but not limited to continuing to de-list Diatect V from the OMRI Brand Name Products List and/or requiring OMRI to delist all other subscribers to OMRI Brand Name Product List if using the pyrethrum supplied by Valent BioSciences.

55.     The Plaintiff is also entitled to a permanent injunction against the Defendant and its officers, employees, agents and those in active concert and participation with them, and all others acting on their behalf, to prevent the Defendant continuing to de-list Diatect V from the OMRI Brand Name Products List and/or requiring OMRI to de-list all other subscribers to OMRI Brand Name Product List if using the pyrethrum supplied by Valent BioSciences.

///

///

///

///

WHEREFORE, Plaintiff Diatect prays that Judgment be entered in its favor and against Defendant OMRI directing that Plaintiff be re-listed in the OMRI Brand Name Products List and for a judgment against the Defendant in an amount to be proved at trial, together with consequential damages and together with all costs incurred by Diatect in prosecuting this action, including a reasonable attorney's fee, and together with all other relief this Court deems just and appropriate under the circumstances.

DATED this 19th day of April, 2005.

BOSTWICK & PRICE, P.C.

Randy B. Birch
Benjamin D. Johnson
*Attorney for Plaintiff Diatect International Corporation.*

# EXHIBIT 2

Dale J. Lambert, Utah Bar No. 1871
Barton H. Kunz II, Utah Bar No. 8827
CHRISTENSEN & JENSEN, P.C.
50 South Main Street, Suite 1500
Salt Lake City, Utah 84144
Telephone: (801) 323-5000
*Attorneys for Defendant*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIATECT INTERNATIONAL CORPORATION, a California corporation, | Case No.: |
| Plaintiff, | **AFFIDAVIT OF DAVID DeCOU** |
| vs. | |
| ORGANIC MATERIALS REVIEW INSTITUTE, a Delaware non-profit corporation, | |
| Defendant. | |

STATE OF OREGON      :
                     : ss.
COUNTY OF *Lane*      :

I, David DeCou, upon oath, depose and state as follows:

1.      I am a resident of Oregon and over the age of eighteen years.  I am the Executive Director of Organic Materials Review Institute (OMRI), and have personal knowledge of the facts testified to in this affidavit.  If called and sworn as a witness, I could so testify.

2.      OMRI is a 501(c)(3) nonprofit organization, incorporated in the State of Delaware

with its headquarters and/or principal place of business in Eugene, Oregon.

    3.    Diatect International Corporation has not attempted to resolve this dispute through nonbinding mediation, nor has it filed suit against OMRI in Lane County, Oregon.

    Further Affiant sayeth not.

    Dated this 27th day of May 2005.

                                                  David DeCou

SUBSCRIBED AND SWORN TO before me this 27th day of May, 2005.

                                        Notary Public
                                        My commission expires: 2/17/08

    OFFICIAL SEAL
    RACHEL DINSMORE
    NOTARY PUBLIC - OREGON
    COMMISSION NO. 377529
    MY COMMISSION EXPIRES FEB. 17, 2008

2

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DIATECT INTERNATIONAL CORPORATION, a California Corporation

**DEFENDANTS**

RECEIVED CLERK

ORGANIC MATERIALS REVIEW INSTITUTE, a Delaware non-profit corporation

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Lane County, Oregon
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. U.S. DISTRICT COURT
DISTRICT OF UTAH

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Randy B. Birch, Bostwick & Price, 139 East South Temple, #320, Salt Lake City,UT 84111; (801) 961-7400

Attorneys (If Known)

Dale J. Lambert, Barton H. Kunz II, Chritensen & Jensen, 50 South Main St., Ste. 1500, Salt Lake City, UT 84111; (801) 323-5000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE  5-27-05

SIGNATURE OF ATTORNEY OF RECORD   Barton H. Kunz

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Judge J. Thomas Greene
DECK TYPE: Civil
DATE STAMP: 05/31/2005 @ 09:27:25
CASE NUMBER: 2:05CV00465 JTG